IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DERRICK R. JONES § | |
| REG. # 56603-019 § | |
| v. § | C.A. NO. C-12-259 |
| § | |
| KEITH ROY, WARDEN, § | |
| FCI THREE RIVERS § | |

**<u>OPINION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT</u>**

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas.  Proceeding <u>pro se</u>, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary conviction.  (D.E. 1).  Pending is Respondent's motion for summary judgment with memorandum in support.  (D.E. 16, 17).  Petitioner did not respond to this pending motion.  For the reasons stated herein, Respondent's motion is hereby GRANTED.

### I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner is confined in Live Oak County, Texas.  (D.E. 1, at 1).  Therefore, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).  Upon consent of the parties, (D.E. 6, 15), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment.  (D.E. 8); <u>see also</u> 28 U.S.C. § 636(c).

### II.  BACKGROUND

On January 17, 2011, Petitioner was discovered hiding in another inmate's cell during a random search conducted by prison officials.  (D.E. 1-1, at 1).  He admitted that he was there

without permission.  Id.  The officer present searched the cell and discovered a cell phone charger under a blanket.[1]  Id.  Petitioner was escorted to administrative detention, and later that day he received notice of the officer's incident report charging him with being in possession of a hazardous tool, a cell phone charger, in violation of Offense Code 108, 28 C.F.R. § 541.3.  Id.  On January 26, 2011, a disciplinary hearing was held, at which Petitioner pleaded not guilty.  (D.E. 1-2, at 1-3).  After evidence was presented, the Disciplinary Hearing Officer found Petitioner guilty and assessed punishment including thirty-five days disciplinary segregation with an additional thirty days suspended; loss of thirty days of good conduct time; six months loss of phone privileges; and a recommendation of transfer to another facility.  Id. at 3.

On August 8, 2012, Petitioner filed this habeas petition seeking to challenge the conviction, arguing that it was not supported by sufficient evidence.  (D.E. 1).  On January 24, 2013, Respondent filed a motion for summary judgment.[2]  (D.E. 16, 17).  Petitioner has not filed a response in opposition.

### III.  DISCUSSION

Respondent urges that Petitioner's claims are without merit because his good-time credit was taken pursuant to due process and because his conviction was supported by sufficient evidence.

---

[1] The officer reported that he had Petitioner wait outside while he conducted the search.  (D.E. 1-1).  Petitioner contends that he was escorted back to his own cell during this time.  (D.E. 1, at 9).

[2] Respondent filed a motion to dismiss or, in the alternative, a motion for summary judgment.  The Fifth Circuit has made clear, "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas."  Miramontes v. Driver, No. 05-41822, 2007 WL 2110933, at *1 (5th Cir. July 23, 2007) (per curiam) (unpublished).  Therefore, Respondent's motion is construed as a motion for summary judgment.

A.     **Standard Of Review For A Motion For Summary Judgment.**

Federal habeas relief is available to a prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States.  Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted).  Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted)); see also Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus....").

Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In making this determination, the Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.  Courts must consider the record as a whole by reviewing all pleadings, depositions, affidavits, interrogatories and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citation omitted).  The Court may not weigh the evidence, or evaluate the credibility of witnesses.  Id.  Furthermore, the Court may only consider affidavits made on personal knowledge, which set forth "such facts as would be admissible in evidence, and [show] affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay); Martin

3

v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." Anderson, 477 U.S. at 250-51.

**B.    Petitioner's Good-Time Credit Was Taken Pursuant To Due Process.**

A inmate's claim based on the loss of good-time credits raises a cognizable claim for habeas relief. See Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 453 (1985)). Good-time credit is taken into consideration by officials for parole and mandatory supervision release purposes, and therefore it affects the duration of an inmate's confinement. See id. Accordingly, as a matter of procedural due process, inmates are entitled to certain procedural rights in disciplinary hearings that result in the loss of good-time credits.

A disciplinary hearing is not part of a criminal prosecution, and therefore, "the full

4

panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 558 (1974).  However, the Supreme Court has held that prisoners are entitled to "minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right [of good-time credit] is not arbitrarily abrogated." Id. Procedural due process in the context of prison disciplinary hearings requires that an inmate be provided: (1) written notice of the disciplinary action charges, at least twenty-four hours before the hearing; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses to testify in his defense, if not hazardous to institutional safety or correctional goals.  Id. at 564-66.  The third requirement is limited, and an opportunity to confront and cross-examine witnesses is not constitutionally required.  Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).  In addition, prison officials may limit the number of witnesses called without explanation.  Id.

    Here, Petitioner's good-time was taken pursuant to due process.  First, he received written notice of the disciplinary charge on January 17, 2011, nine days prior to the proceeding, which took place on January 26, 2011.  (D.E. 1-1; D.E. 1-2, at 1).  Second, at the hearing he was given an opportunity to present evidence and call witnesses.  His own statement regarding the incident was submitted, and he declined to call any witnesses.  (D.E. 1-2, at 1).  Finally, on February 14, 2011, he was provided with a written report of the disciplinary determination that addressed the evidence relied upon and the reasons for the disciplinary action.  Id. at 3. Accordingly, Petitioner's good-time was taken pursuant to the requirements of due process.

**C.     Petitioner's Disciplinary Conviction Was Supported By Sufficient Evidence.**

Due process is not violated if some evidence supports a disciplinary committee's findings and punishment.  Hill, 472 U.S. at 454-56.  It is not the job of the courts to assess the weight of the evidence when reviewing disciplinary hearings, but only to determine whether the guilty finding has the support of some facts, or any evidence at all.  Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).  The Supreme Court has elaborated on the "some evidence" requirement, explaining:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, <u>the relevant question is whether there is any evidence in the record that could support the conclusion</u> reached by the disciplinary board.

Hill, 472 U.S. at 455-56 (citations omitted) (emphasis added).  Moreover, the Fifth Circuit has articulated a "highly deferential standard" toward the findings of prison officials in disciplinary proceedings, and has suggested that courts defer to committee findings on credibility of evidence.  See Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1984) (citation omitted) (the sufficiency of evidence in a disciplinary proceeding is tested by a "highly deferential standard," and choosing to defer to a prison committee's choice to believe one witness over another).

Here, Petitioner argues that evidence presented at the hearing did not support his disciplinary conviction.  Specifically, he points to the fact that he denied knowing about the cell phone charger, and he contends that his conviction was only supported by weak circumstantial evidence.  Despite Petitioner's argument, the evidence he cites is sufficient to support his disciplinary conviction.  The hearing report reflects that the Discipline Hearing Officer considered "the weight of the reporting officer's eyewitness account of the incident, and

6

[Petitioner's] admission that [he was] out of bounds and hiding in the cell" in which the phone charger was discovered. (D.E. 1-2, at 2). Moreover, "[t]he cell phone charger was found in the same area [where Petitioner was] hiding," and he displayed "suspicious behavior throughout the incident." Id. This evidence is sufficient to support Petitioner's disciplinary conviction, despite that he denied his involvement and that the charger was found in another inmate's cell. See Hudson, 242 F.3d at 536-37. Accordingly, Petitioner is not entitled to habeas relief based on insufficiency of evidence.

## IV. CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 16, 17), is granted, and Petitioner's habeas petition, (D.E. 1), is dismissed.

ORDERED this 26th day of February 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE